IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO FLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:17-CV-580-MHT |
| | ) [WO] |
| WARDEN HENLINE - ECJ, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *pro se* 42 U.S.C. § 1983 action was filed by Plaintiff on August 30, 2017. He filed the complaint while incarcerated at the Elmore County Jail in Wetumpka, Alabama. On September 5, 2017, the court entered an order granting Plaintiff leave to proceed *in forma pauperis*. This order also instructed Plaintiff to inform the court of any change in his address and cautioned him that his failure to comply with this requirement would result in dismissal of this action. Doc. 3.

On September 25, 2017, the court received correspondence from the Elmore County Sheriff's Department advising the court that Plaintiff had been released from the Elmore County Jail. Doc. 7. On September 27, 2017, Plaintiff's copy of an order filed September 21, 2017, was returned to the court marked as undeliverable because Plaintiff is no longer housed at the Elmore County Jail. This is the last known address the court has on file for Plaintiff. Consequently, the court entered an order on September 28, 2017 directing Plaintiff to provide the court with his present address on or before October 10, 2017. Doc. 8. Plaintiff was cautioned that his failure to comply with the court's September 28 order would result in a recommendation that this case be dismissed. Doc. 8. Plaintiff's copy of the September 28 order was returned to the court on October 6, 2017, marked as undeliverable. And he has not complied with the order by providing

information on his present whereabouts.

Because Plaintiff is no longer residing at the most recent address he provided to the court and he has not provided a new address for service, the undersigned concludes that dismissal is appropriate. The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the court finds that dismissal of this case is the proper course of action. This case cannot properly proceed in Plaintiff's absence. Since his release from incarceration, Plaintiffs has taken no action with respect to this case, indicating an abandonment of his claims and a loss of interest in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further ORDERED that **on or before October 27, 2017,** Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or

adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 13th day of October, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE